**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICOLLE JOHNSON, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>DIVERSIFIED CONSULTANTS, INC.<br><br>Defendant. | **CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff NICOLLE JOHNSON (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Joseph H. Mizrahi Law, P.C., against Defendant DIVERSIFIED CONSULTANTS, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §1692(b),(c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

6. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with its principal office located in Jacksonville, Florida.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a (6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP")

Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- All New York consumers who received a collection letter from the Defendant attempting to collect an obligation owed, that states a post charge-off fee without clarifying whether said "Fee" is continuing to accrue, in violation of 15 U.S.C. §§1692g and 1692e, *et seq*.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that state a Fee charge without clarifying whether that Fee is continuing to accrue, in violation of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a.    Whether Defendant violated various provisions of the FDCPA;

   b.    Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If

Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS PARTICULAR TO NICOLLE JOHNSON

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to June 14, 2017 an obligation was allegedly incurred by Plaintiff to Verizon Wireless ("Verizon").

16.  The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. Verizon is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. At a time known only to Defendant, Verizon, directly or through an intermediary, contracted Defendant to collect Verizon's debt.

22. In its effort to collect on the Verizon obligation, Defendant contacted Plaintiff by written correspondence on June 14, 2017.  *See* Exhibit A.

23. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a (6).

24. The Letter is a "communication" as defined by 15 U.S.C. § 1692a (2).

25. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

26. One such requirement is that the debt collector provides "the amount of the debt." 15 U.S.C. §1692g(a)(1).

27. Defendant's June 14, 2017 communication indicates that Plaintiff has a "Current Balance" due of $656.31.

28. Defendant's communication also includes a "Total Non-Interest Charges or Fees Since Charge-Off" (the "Charges") amount of $100.11.

29. However, despite the accrual of the Charges, said communication fails to state whether that balance is static or dynamic in violation of this Circuit's case law.

30. The above statements would leave the least sophisticated consumer unsure as to whether said post charge-off interest was continuing to accrue, as Defendant only provides Plaintiff with its "Current Balance" as of the date of the communication.

31. Defendant's actions as described herein are part of a pattern and practice used to collect debts.

32. As set forth in the following Counts Defendant violated the FDCPA.

**First Count**
**Violation of 15 U.S.C. §1692g**
**Amount of Debt**

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "32" herein with the same force and effect as if the same were set forth at length herein.

34. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

information is contained in the initial communication or the consumer has paid the debt, send

the consumer a written notice containing certain enumerated information.

35. One such requirement is that the debt collector provides "the amount of the debt." 15 U.S.C.

§1692g(a)(1).

36. A debt collector has the obligation not just to convey the amount of the debt, but to convey

such clearly.

37. 15 U.S.C. § 1692g requires debt collectors to inform debtors of their account balance and to

disclose whether the balance may increase due to interest and/or fees. *Avila v. Riexinger*

*Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

38. Defendant's collection letter violated 15 U.S.C. § 1692g by failing to include the safe harbor

language set out in *Avila*, 817 F.3d at 76.

39. An unsophisticated consumer would be left uncertain by the said letter as to whether the

account was continuing to accrue said "Charges."

40. Further, Defendant's communication failed to specify how those Charges were calculated.

<u>**Second Count**</u>
**Violation of 15 U.S.C. § 1692e**
<u>**Misleading Representations Regarding Amount of Debt**</u>

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1"

through "40" herein with the same force and effect as if the same were set forth at length herein.

42. 15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means
in connection with the collection of any debt. Without limiting the general application of
the foregoing, the following conduct is a violation of this section:
(2) The false representation of –

the character, amount, or legal status of any debt; or

(10) The use of any false representation or deceptive means to collect or attempt to
collect any debt or to obtain information concerning a consumer.

43. The "Current Balance: $656.31" in this case was for an amount that included an As of Charge-Off amount as well as additional Charges.

44. Collection notices that state only the Current Balance but do not disclose that the balance might increase due to other fees are "misleading" within the meaning of Section 1692e.

45. As the amount due already accrued Post Charge-Off Charges of $100.11, Plaintiff was left uncertain as to whether the "Current Balance: $656.31" was continuing to increase, as there was no disclosure that indicated otherwise.

46. "Applying these principles, we hold that Plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e… a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full." *Avila v. Riexinger & Assocs., LLC*, Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *10-11 (2d Cir. Mar. 22, 2016)

47. Plaintiff and the unsophisticated consumer would be led to believe that the "Current Balance: $656.31" would remain as is and that paying the amount due would satisfy the debt irrespective of when payment was remitted.

48. Absent a disclosure by the holder of the debt that the automatic interest is waived, the Defendant and or the creditor could still seek the automatic interest…or sell the consumer's debt to a third party, which itself could seek the interest and from the consumer. *Avila*, at *10-11.

49. A consumer who pays the "Current Balance: $656.31" stated on the collection letter will be left unsure whether the debt has been paid in full, as the Defendant could still collect on any charges accumulated after the letters were sent but before the balance was paid.

50. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10) for misrepresenting the amount of the debt owed by the Plaintiff.

**Third Count**
**Violation of 15 U.S.C. §§ 1692e and 1692f, *et seq***
**Charging of Unlawful Fees**

51. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "50" herein with the same force and effect as if the same were set forth at length herein.

52. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

53. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

54. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

55. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

56. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to § 1692(e).

57. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt.

58. Defendant's June 14, 2017 Collection Letter purports to charge Plaintiff "Charges" in the amount of $100.11.  *See* Exhibit A.

59. Defendant violated the FDCPA by failing to specify the nature of said "Charges."

60. Additionally, Defendant violated 15 U.S.C. § 1692e(2)(A) by charging and/or attempting to charge an amount in excess of what was actually owed in the guise of "Non-Interest Charge or Fees."

61. The notification and collection of a $100.11 post charge-off fee is unlawful. See e.g. *Shami v. National Enter. Sys*., 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) (the Court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language "you can now pay by automated phone system…or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account."), *McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham,* 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (Plaintiff states a viable FDCPA claim by alleging that Defendant collected or attempted to collect a $4.24 payment post charge-off fee not expressly authorized by the agreement creating the debt); *Quinteros v. MBI Assocs.,* 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb.27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone).

62. Defendant's Post charge-off fees demand is in violation of 15 U.S.C. §§ 1692e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

63. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

64. Defendant attempted to collect an amount in excess of which it was authorized to collect by charging a post charge-off fee in violation of the FDCPA.

65. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692(e) and (f) *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Joseph H. Mizrahi Law, P.C., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Joseph H. Mizrahi_____
Joseph H. Mizrahi, Esq.
Joseph H. Mizrahi Law, P.C.
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11223
Phone: (917) 299-6612
Fax:     (347) 665-1545
Email: Jmizrahilaw@gmail.com
*Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph H. Mizrahi_____*
Joseph H. Mizrahi, Esq.

Dated:    Brooklyn, New York
             September 27, 2017